Good morning, Your Honors. My name is John O'Leary, and I'm counsel for Appellant John Barovich, et al. And in the time available to me today, I want to focus on one specific part of the record. We talked about it in our brief, but I want to highlight it. It's three pages, and the reason I want to highlight it is because I think it supports our interpretation of the statute but also serves as a sort of microcosm because three of the key points that we believe support our interpretation are right there basically in one place. And the part that I'm referring to is the recommendation of the California Law Revision Commission, which appears at Appellant's excerpt of record, pages 153 through 156. This is the part of the Law Revision Commission's recommendation that deals with the procedure for creating a lien. This is in the nature of legislative history? I'm sorry, Your Honor? This is in the nature of legislative history. Yes, it is, Your Honor. Okay. And this part, the part that I just cited, discusses the background of the procedure for creating a judgment lien against personal property. And in essence, the enforcement of judgments law provides that a judgment creditor, like my clients, can create a judgment lien by filing a California form, the notice of judgment lien, with the California Secretary of State. And Mr. ---- Where you could file a UCC-1 financial statement. One can. That's where one would file a UCC-1. Well, I mean, when you could file a UCC-1. Correct. You can't file a UCC-1 on a Delaware corporation by filing it in Sacramento, the California Secretary of State, right? That's correct under current law. It wasn't true under the time, under the UCC at the time the statute was enacted. But when did you, didn't you file it under current law? Yes. After 2001? Yes. But what I would like to. Do you have anything else to tell us? Yes, I do. Because the distinction that ORA urged and that the bankruptcy court and the district court adopted, which is to recognize the interstate distinctions under the UCC, were never meant to be incorporated into the enforcement of judgments law. And the three reasons that I'd like to talk about today, which have to do with the law revision recommendation, the comments in the law revision commission's recommendation never do say to use, never use the term California Secretary of State. The statute, the relevant provision of the law. But haven't you stipulated that in your opening brief? I thought you admitted that Secretary of State in the California statute meant not Condoleezza Rice, but the Secretary of State of the State of California. It, it, you would file, you file the notice of judgment lien with the California Secretary of State. Right. It's a California form. It says that right on the form. Right. But we're talking about the term Secretary of State as it's used in California Code of Civil Procedure section 697.530. It does not say California Secretary of State. And in the revision, in the revision, the law revision commission's kind of bulky recommendation, they never, in explaining that language and explaining that part of the statute, they never use the term California Secretary of State. What do you make of footnote 91 on page 154 of the excerpts? Your Honor, I'm, I'm glad you asked that question because that's my third point. Footnote 91, not only. I read it as cutting against you. Here's, here's why I believe it supports our interpretation of the statute. The 2001, 2002 amendments to the UCC. Well, let's first of all talk about what it actually says. Okay. What it actually says is you look to the commercial code for in determining the place of filing to perfect the security interest. I would. So, so it does reference the commercial code. It says when deciding where, it's not governed by these rules. It's governed by the, by the, by the commercial code. Your Honor, you're right, but. Specifically it cites the 9401. Yes, that's right. And here's my, here's my point. It cites 940, commercial code section 9401, which now is 9501. That section addresses where you file in California, whether it is the office of the Secretary of State or some other place in California, like the county recorder. Your Honor, the statute that tells you what State to go to is the former UCC and commercial code, commercial code section 9103, which is now commercial code section 9301. The, the, my point is that while they talk about 9401, which talks about the distinction between the Secretary of State and county offices, they never mention 9103, which has to do with whether you file in California or whether you file somewhere else. And at the time this statute was enacted, Your Honor, you would file under the UCC, you might file in California or you might file in another State, depending on what kind of personal property it was and where the debtor was located. For example, accounts receivable under the old commercial code, you would file in the State where the debtor was located, likewise, chattel paper. However, as to equipment, you would, you would look to the law where the equipment and inventory and goods were located. My point is that if the legislature had intended to recognize the interstate distinctions, they certainly would have mentioned 9103. And they also would have said, because they talk about kinds of property excluded from the scope of the statute, they're very clear about that. And they say, hey, there are some kinds of property where you have to file in the county reporter's office. That's not within the statute. If they had, if they had to. Kennedy. Let's buy into what you're saying. I do understand what you're saying. They didn't mean to deal with this. Do you get anything more out of it than saying they simply didn't think about the problem? I mean, where does this get you? I mean, okay, you, you, you, it seems to me the most you can say is they just didn't think about the problem. We're still left with the fact you've got these provisions, which are in California law, which clearly seems to say that you've got to file in Delaware. Your Honor. This doesn't help you. The answer to that question, Your Honor, goes back to the, what was going to be the last point I was going to make, which has to do with first. I'm just anticipating all of your arguments, sir. And you're doing a great job, Your Honor. I don't know what the answer is. I'm just. I understand. Footnote 89. I want to urge the Court to focus, just as we talked about footnote 91, I want to urge the Court to look at footnote 89 carefully. And, and I'm going to, I think, answer Your Honor's last question. At the very end of that footnote, there's a reference to Iowa and to how you could file a sheriff's inventory, whatever that is, in Iowa with either the Secretary of State or the county reporter. Now, if we were, and under the law, under the UCC, as it existed, you would look to the law of Iowa because inventory were goods, and you would look to the law of Iowa to find out where you would file. If the scope of the statute were meant to be limited to California property where you'd file in California, why would they even be mentioning Iowa? And I think, Your Honor, the reason goes back to your question. I think that when they used the term Secretary of State in section 697.530, they meant it generically, and they meant it to embrace perhaps some minor differences that might exist from State to State. And they were remembering that the basic purpose of the statute is to protect judgment creditors. It's not like the UCC. It's not for the convenience. That means you could have filed in Nevada, any Secretary of State, right? That would have been good enough. No, not the form of notice of judgment lien. That has to be filed in California. Not even ORA contends otherwise, I don't believe. But the point is, though, Your Honor. Why doesn't this get you filing in Delaware? I mean, to follow your logic, and I'm, you know, fine, we go down that road. If you file this footnote, they seem to refer to Iowa law, and they file Iowa procedure. So if you read this footnote and you give it as much weight as you want to give it, what that leaves you is with a chance to file with a Delaware Secretary of State. And did you do that? No, Your Honor. And the reason why is that this, again, this is talking about the concept of the sort of borrowed concept of filing in a State to create a security interest under the commercial code. There is no provision for filing a notice of judgment lien under the enforcement of judgments law in another State. I don't even think it could be done. And the form itself says you file in California. And that's what all the practitioners do. So you might be able to do it by getting a, going to the States to the Delaware courts and getting a judgment from those based on the California, I forget what it's called, the procedure. But you bring the judgment, you try to enforce it in another State, it's a full faith and credit. Basically, they give you a local judgment, which you can then file with the county or the State or whatever. A California judgment doesn't do you any good filing it in Delaware. So you have to go to the other States courts and get a judgment from them, which they'll give you just as a matter of full faith and credit. That you can then take and file. But you didn't do that either, right? You could certainly domesticate the California judgment, but that's not really what we're talking about here. It's like domesticate, like a wolf. Yeah. I see I'm out of time. The last point, if the Court will indulge me, is that at the time the enforcement of judgment's law was enacted, the commercial code provided a kind of patchwork for filing under the commercial code. And I don't think the California legislature intended judgment creditors to have to run around in different States and file notices of judgment here and there. They wanted it to be the notice of judgment lien to be filed in California because they could see that that was the best way to protect judgment creditors and to make sure that judgment creditors have the best chance of collecting on their judgments. Thank you. Thank you. Craig Becker. Good morning. My name is Monica Kim. I'm here with my law partner, Ron Bender, and we represent Aura Systems, the appellee. Your Honors, the lower courts looked at the plain language of the statute, and based on the plain meaning of the words used in the statute, determined that no judicial lien had been created. It's an odd result, however. It's an odd result because that means that if you're an out-of-state corporation, you can't have a judgment lien. So out-of-state corporations wind up being in a better position than domestic corporations in that if they suffer a judgment in California, you can't collect. You can't use a judgment lien procedure to collect against them. The results certainly did change when the commercial code was substantially rewritten in 2001. That's a mild way of putting it. It's not just a change. It's a bizarre change. But I think it's very Usually we treat out-of-state corporations worse than in-state corporations. But I think the courts have to If we treat them differently at all, we would give preference to domestic corporations, not for parochial reasons, but because they have all their assets here generally. So they're more captive in a way than, I mean, the Secretary of State can decertify, can take away their corporate identity if it gets bad enough. So we have lots more controls over domestic corporations. It seems very odd that a corporation should be able to keep doing business and have property in the state and yet have an outstanding judgment against it that can't be collected against. But I think that it's helpful here to look at how this law operated when the old Article 9 was operative. Back in before July 1st of 2001, in looking at this statute, the judicial lien created by the filing of a notice lien would have extended to all property located in California, regardless of location. When the Commercial Code was amended in 2001, that really changed the focus of how this judicial lien was going to operate. Yes, it limited the lien only to corporations in California, but then it extended the lien to all collateral located outside of California. So if you have a judgment debtor that has collateral in multiple states, when the Commercial Code was changed in 2001, not only did it cover collateral in California, you could actually extend your judicial lien outside of California. I'm sorry, you're talking about California corporations? Correct, Your Honor. But I'm not talking about California corporations. I'm talking about foreign corporations doing business in California. Yes. As to those, there is no judicial lien. That's correct, and that's what the lower courts have found. You understand my question, I guess. You know, this treats California corporations worse than domestic corporations, than foreign corporations. Yes, it does. And all you've done is to prove to me that it's even worse than I thought. It's not just, so that does not explain to me. I mean, it seems like a very odd result. The language of the statute provides for that result, Your Honor. Do you think it's just a legislative oversight that they didn't really think about this? Or do you think that they're analogizing more to real property, you always have to go to the county? Well, as the bankruptcy. So if you have a foreign corporation, it's not so, you file in two places, California and the foreign corporation's location. I cannot predict what the legislature had thought about or not thought about. As the Bankruptcy Court had noted, the exact bill where the California legislature considered the changes to the commercial code back in 2001. In that bill, they also considered very minor changes to the California law that's at issue here. So I can only speculate that the California legislature knew possibly the ramifications that it would have to the application of this California law, but I cannot stand here today and say that it was actually an oversight. There is no, is there some way that you know of that one can create a judgment lien against the property of a foreign corporation? Pursuant to the California law at issue, we believe that that doesn't work. However, as the prior section of this chapter provides, the judicial lien was only thought of by the California legislature as one possible remedy and alternative to other enforcement remedies that judgment creditors have available to them under assignment orders. They're going after accounts receivable here, right? Which is sort of floating. Accounts receivable as well as other collateral is what they're seeking to have a lien on. Well, that's the big one, right? Well, in this particular case, ORA Systems, I believe that the main asset was intellectual property, in fact. It was developing a mobile-type generator. So in the facts that we have before you. Wasn't it involved in a patent or a copyright? I believe it was a patented type of generator that the government might have been interested in exploiting for airlines. My partner, Ron Bender, actually handled the Chapter 11 case, so he may have more information about the company. May I just respond to the one question you asked, Your Honor, about the odd result? And that is the whole purpose behind the change to the Uniform Commercial Code was so that when a lender is analyzing whether to make a loan to a borrower, it now only has to look at one California search result as opposed to 50 states. And so I don't find the result odd at all, because if the result is as the appellant desires, then only a portion of the goal of the change to the commercial code has been met, because now when a lender is looking to make a loan to a borrower, it has to look at the California Secretary of State's office of the State of Incorporation just for consensual liens, but still has to go and do 50 searches or 49 other searches to see what type of judgment liens exist and try and figure out where all the collateral is located. Otherwise, it has no ability to make a calculated risk. And so it would somewhat defeat the entire purpose of the change to the commercial code if lenders are required to once again go figure out where all the collateral is located and go look at all the other 49 states. So for that reason, I don't find the result odd at all. It's very consistent with what the whole purpose of the change to the commercial code was in the first place. I don't mean to interrupt. Well, you were standing up to answer the question. Your Honor? What was the intellectual property? The intellectual property was, I believe, a patent with respect to the type of generator that Ms. Kim's concerned about. My memory is that the receivables was the least important asset. My memory is that it was inventory would have been second most and the patent would have been the most. So there was an actual patent? I believe many patents. Where are security interests and patents affected? I don't mean judgment. I mean consensual security interests. I believe in the patent office in Washington, D.C., as well as copyrights, trademarks, I believe, go to the copyright office in Washington, D.C. So I believe patent means are the patent office in Washington, D.C. Copyrights definitely go to the copyright office because there's only one case on point and that's what it says. But patents, I think we have an opinion from Judge Graber about three or four years ago that they get perfected with Secretary of State, but I don't remember. I think you could be right. When we're looking, we look at both the patent office as well as the Secretary of State's office, but I don't know for sure. Yeah. And there wouldn't be a judgment lien. But in any event, the patents would be just more property of the out-of-state veteran. I don't believe that the appellant even contends that it had a perfected lien against patents, but I don't want to speak to that. That was never the issue for the lower court. We never got in the bankruptcy court to the issue of what the scope of the collateral was or the value of that collateral because the bankruptcy court agreed that the appellant didn't have a perfected lien on any assets. And I just want to point out that the California law at issue just deals with the six categories of the properties identified in that statute, and intellectual property is not identified in the law. Based on just the plain reading of the statute, Your Honor, we believe that the lower court should be affirmed. Okay. Thank you. You want to take another phone call? Thank you, Your Honor. I only want to respond to one point that actually Mr. Bender made, which has to do with the purposes of the Uniform Commercial Code, which are for the convenience of borrowers and lenders. This dispute concerns the enforcement of judgments law, not the Uniform Commercial Code. The purpose of the enforcement of judgments law is to protect creditors and to allow judgment creditors to enforce judgments rendered by California courts against entities and persons and entities that are subject to the jurisdiction of those courts. But it still has a clause that you can use this if you can do it under the UCC. And so then we get back to, yes, it might be the purpose, but then it still has that clause in there. It does.  The meaning of the term Secretary of State, a key phrase as it's used in CCP 697.530, I believe has to be read in the context of the legislative purpose behind the enforcement of judgments law. I would end by just pointing out that I would respectfully suggest that it's Your Honor's job here to effectuate the intent of the legislature, and the intent of the legislature we're concerned with has to do with enforcement of judgments, not convenience of creditors and borrowers and lenders and all that under the UCC. Thank you. Okay. Thank you. The HSI will stand for that. We are adjourned for the week.
judges: Kozinski, Bea, Huff